UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD WERTH #175562,

    Plaintiff,                                  Hon. Paul L. Maloney

v.                                              Case No. 1:18-CV-523

T. BALL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Defendant Timothy Ball's Motion for Summary Judgment. (ECF No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

    Plaintiff initiated this action on May 10, 2018, against T. Ball and three other individuals, two of whom were dismissed on screening. (ECF No. 1, 7-8). On October 25, 2018, Defendant Ball moved for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies. (ECF No. 15). Plaintiff was required to respond to Defendant's motion "within twenty-eight (28) days after service of the motion." W.D. MICH. LCIVR 7.2(c). Defendant's motion was served on Plaintiff on October 25, 2018. (ECF No. 17). Plaintiff has failed to respond to Defendant's motion.

    While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*,

2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009).   Plaintiff's failure to respond to the motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim").   Likewise, his failure to respond to the motion for summary judgment is deemed a waiver of his opposition to the motion, and dismissal appropriate.  *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 296 (6th Cir., July 10, 2018) (by failing to respond to the motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Ball's Motion for Summary Judgment (ECF No. 15), be **GRANTED**.

Dated:   January 8, 2019                         /s/   Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).