UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALD WERTH, #175562,<br>  Plaintiff,<br>-v-<br>T. BALL, et al.,<br>  Defendants. | No. 1:18-cv-523<br><br>Honorable Paul L. Maloney |

## ORDER MODIFYING REPORT AND RECOMMENDAITON AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Gerald Werth filed this civil rights lawsuit alleging various deprivations of his constitutional rights by prison employees. Defendant T. Ball filed a motion for summary judgment asserting that Plaintiff did not exhaust his administrative remedies. (ECF No. 15.) Plaintiff did not file any response. The magistrate judge issued a report recommending that the motion be granted. (ECF No. 20.) Plaintiff filed an objection (ECF No. 25) and Defendant filed a response (ECF No. 26).

Having reviewed the record, the Court will modify the Report and Recommendation and will grant Defendant Ball's motion.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

In the motion, Defendant identifies two relevant grievances, and establishes that Plaintiff did not exhaust either grievance by filing a Step III appeal. The magistrate judge recommends granting the motion because, by failing to respond to the motion, Plaintiff waived opposition to it. In his response, Plaintiff does not address the reasoning in the Report and Recommendation. Rather, Plaintiff attaches the denial of a Step III appeal. (ECF No 25-1 PageID.196.) The denial is dated October 8, 2018.

Binding authority from a published opinion issued by the Sixth Circuit requires district courts to evaluate the merits of a dispositive motion, even when the opposing party fails to file a response. Under both Rule 12(b)(6) and Rule 56, the moving party bears the burden of proof, regardless of whether an adverse party fails to respond. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Therefore, the court cannot grant either motion simply because the adverse party has not filed an answer and the court must examine the motion to determine whether the moving party has met its burden. *Id.* at 455. This Court is bound by the holding in *Carver*. *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). The opinions cited in the Report and Recommendation are unpublished and generally rely on a different set of facts. Where a party has responded to a motion but fails to address one of the issues raised in the motion, that issue is waived. And, where a party fails to raise an issue in the district court or in the brief on appeal, the issue is waived on appeal.

The Court has reviewed Defendant Ball's motion and concludes that he has met his burden. He has established with supporting evidence that Plaintiff did not exhaust his administrative remedies for the claims against Ball. Plaintiff's objection does not alter this conclusion. The Step III appeal was denied more than five months after this lawsuit was filed. Administrative exhaustion must occur prior to the filing of a lawsuit, not while the lawsuit is pending. *Freeman v. Francis*, 196 F.3d 641, 649 (6th Cir. 1999). Accordingly, the Court agrees with the disposition recommended by the magistrate judge.

For these reasons, the Report and Recommendation (ECF No. 20) is **MODIFIED**, Plaintiff's objection is **OVERRULED** and Defendant Ball's motion for summary judgment (ECF No. 15) is **GRANTED**. Plaintiff's claims against Defendant Ball are **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

Date: January 24, 2019                             /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge