UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GERALD WERTH, # 175562,   )
                          )
         Plaintiff,       )
                          )   Case No. 1:18-cv-523
v.                        )
                          )   Honorable Paul L. Maloney
ROBERT CROMPTON, M.D.,    )
                          )
         Defendant.       )
_____)

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Oaks Correctional Facility. The defendant is Robert Crompton, M.D. Plaintiff alleges that Dr. Crompton was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights when he did not renew plaintiff's prescription for a blood-thinning medication.[1]

The matter is before the Court on defendant's motion for summary judgment on the merits of plaintiff's claim, or alternatively, for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 29). Plaintiff did not file a response to defendant's

---

[1] All other claims have been dismissed. (ECF No. 7, 8, 28).

motion.[2]  For the reasons set forth herein, I recommend that the Court grant defendant's motion for summary judgment and enter a judgment in his favor on plaintiff's claim.  In the alternative, I recommend that the Court grant defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, and enter a judgment dismissing plaintiff's claim against defendant without prejudice.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

---

[2] On March 8, 2019, defendant filed a notice with a letter attached, purportedly from plaintiff, indicating that he wished to dismiss this case. (ECF No. 30).  The letter has not been properly authenticated.  Accordingly, it will not be considered.

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing

must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even

when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at

90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[3]A copy of the policy directive is found in the record. (*See* ECF No. 29-5, PageID.303-09).

## Undisputed Facts

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) during the period at issue. Robert Crompton, a licensed physician, was a medical provider at ECF during the same period. (Crompton Aff. ¶¶ 1-2, ECF No. 29-3, PageID.299)

In January 2018, plaintiff was on a hunger strike. Dr. Crompton found that plaintiff had "critical lab results, including INR>115."[4] Dr. Crompton discontinued plaintiff's prescription for the blood thinner Coumadin and prescribed alternative medication. Plaintiff "continued his hunger strike for approximately two weeks, during which time, he understood that his blood had become dangerously thin on Coumadin and expressed the desire to have his Coumadin reinstated so that he could kill himself with it." (*Id.* at ¶ 4, PageID.300; *see also* ECF No. 29-2, PageID.247-75).

Dr. Crompton and other health care professionals at ECF continued to provide plaintiff with medical treatment until his August 30, 2018, transfer to another prison. (Crompton Aff. ¶¶ 5-11, PageID.300-01; *see also* ECF No. 29-2, PageID.276-98).

---

[4] "An International Normalized Ratio (INR) or a prothrombin time is a blood test that measures the length of time required for a blood clot to form." *McCall v. Commissioner*, No. 1:14-cv-704, 2014 WL 5517790, at *5 n.12 (N.D. Ohio Oct. 31, 2014); *see also* https://www.uofmhealth.org/health-library/hw203083 (last visited May 17, 2019) (INR "stands for a way of standardizing the results of prothrombin time tests, no matter the testing method.").

Plaintiff did not pursue any grievance corresponding to his claim against Dr. Crompton through a Step III decision before he filed this lawsuit. (ECF No. 29-4, PageID.302).

## Discussion

A.   Eighth Amendment

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d

721, 737 (6th Cir. 2018). No reasonable trier of fact could find in plaintiff's favor on the subjective component of an Eighth Amendment claim against Dr. Crompton.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id*. at 837. "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart v. Scutt*, 894 F.3d at 738. The judgments of medical professionals are entitled to deference. *Id*. The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth Amendment medical needs claim: The doctor must have *consciously exposed* the patient to an *excessive risk* of *serious* harm." *Id*. (citation and quotation omitted).

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

"An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart v. Scutt*, 894 F.3d at 740 (citations and quotations omitted). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Id.* at 744. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *Id.* at 753.

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs. The record shows that Dr. Crompton displayed no deliberate indifference. The claims that defendant "should have" provided him with "different" medical care are, at best, state-law malpractice claims.

    B.    <u>Exhaustion</u>

Alternatively, Dr. Crompton has asserted the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. I find that Dr. Crompton has carried his burden on the affirmative defense and is entitled to dismissal of plaintiff's claim.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court grant defendant's motion for summary judgment (ECF No. 29) and enter a judgment in his favor on plaintiff's claim. In the alternative, I recommend that the Court grant defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies (ECF No. 29), and enter a judgment dismissing plaintiff's claim against defendant without prejudice.

Dated: June 5, 2019         /s/ Phillip J. Green
                            PHILLIP J. GREEN
                            United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).